1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ANTONIO CORTEZ BUCKLEY,                    CASE NO. CV-F-04-5688 OWW LJO P

10                           Plaintiff,        ORDER REQUIRING PLAINTIFF TO EITHER
                                               FILE SECOND AMENDED COMPLAINT OR
11       v.                                    NOTIFY COURT OF WILLINGNESS TO
                                               PROCEED ONLY ON CLAIMS FOUND TO
12  EDWARD ALAMEIDA, JR., et al.,              BE COGNIZABLE BY COURT

13                           Defendants.       (Doc. 19)
    _____/

14

15  I.      Screening Order

16          A.      Screening Requirement

17          Plaintiff Antonio Cortez Buckley ("plaintiff") is a state prisoner proceeding pro se and in

18  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

19  December 29, 2003, in the Sacramento Division of the Eastern District of California.  On May 11,

20  2004, the action was transferred to the Fresno Division.  On October 26, 2004, the court dismissed

21  plaintiff's complaint, with leave to amend, for failure to comply with Federal Rule of Civil

22  Procedure 8(a).  Plaintiff filed an amended complaint on July 11, 2005.

23          The court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

28  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

5  506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short

6  and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.

7  8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

8  and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a

9  complaint only if it is clear that no relief could be granted under any set of facts that could be proved

10  consistent with the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately

11  prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may

12  appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the

13  test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.

14  232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

15  suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262

16  F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a

17  plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal

18  interpretation of a civil rights complaint may not supply essential elements of the claim that were not

19  initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

20  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

21      B.    Summary of Plaintiff's Amended Complaint

22      The events at issue in this action allegedly occurred at the California Correctional Institution

23  in Tehachapi, where plaintiff was incarcerated at the time.  Plaintiff names Arthur Calderon, Edward

24  S. Alameida, Jr., Nola Grannis, Ken Allen, Tony Lofin, T. Surges, Janet D. Peters, P. L. Vasquez,

25  W. J. Sullivan, F. Schmidt, T. Vo, M. Ortiz, T. W. Meadors, Henry J. Huebner, D. R. Reed, T.

26  Traynham,  R. L. Papac, J. Welcher, Tamara A. Peterson, James L. Peterson, B. G. White, David L.

27  Winett, M. K. Witcher, Paul F. Woodley, Dennis Barker, M. Howard, M. Johnson, C. Bowman, and

28  Chappel as defendants.  Plaintiff is seeking monetary and declaratory relief.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Rule 8(a) of the Federal Rules of Civil Procedure calls for a "short and plain statement of the claim showing that the pleader is entitled to relief."   Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id. at 47.

When the court screened plaintiff's original complaint and dismissed it with leave to amend, the court stated

> Plaintiff's complaint is not in compliance with section 1983 linkage requirements or
> Rule 8(a), because it does not consist of a short and plain statement of plaintiff's
> claims, and it does not provide each defendant with fair notice of what that defendant
> did or did not do that allegedly violated plaintiff's rights.  Specifically, plaintiff's
> complaint consists of a sixteen page narrative.  Plaintiff does not list any claims for
> relief, making it impossible for the court to determine which facts are intended to
> give rise to claims for relief and which facts are simply background information.  The
> court declines to guess what claims for relief plaintiff is attempting to pursue under
> section 1983.  It is plaintiff's duty to set forth the claims for relief he is pursuing,
> identify against which defendants which claims lie, and set forth the facts that
> support each claim for relief.
>
> The court will provide plaintiff with an opportunity to file an amended complaint
> curing these deficiencies.  In amending his complaint, plaintiff is informed that his
> allegations should not be lengthy or overly-detailed.  Rather, plaintiff need only set
> forth enough facts so that each defendant is on notice as to what he or she did or did
> not do that plaintiff believes violated his rights.

> In the sections that follow, the court will provide plaintiff with the legal standards that appear to be applicable to his claims. Plaintiff should carefully review the legal standards that follow and include only those claims that plaintiff believes are cognizable under section 1983. In his amended complaint, plaintiff should separate his claims by defendant or groups of defendants, and, as plainly and simply as possible, set forth only those facts necessary to place defendants and the court on notice as to the basis of plaintiff's claim against each defendant.

(Court Doc. 9, 3:10-28.)

Despite this admonition, plaintiff failed in his amended complaint to separately state the claims for relief he is pursuing. Although the amended complaint does not comport with Rule 8, the court screened it and separated out plaintiff's claims for him. As set forth in the following subsections, plaintiff's amended complaint states some cognizable claims for relief, but other claims set forth are not cognizable under section 1983. Plaintiff may either file a second amended complaint or notify the court of his willingness to proceed only on his cognizable claims. If plaintiff opts to file a second amended complaint, his second amended complaint must comply with Rule 8. The court will not expend its resources sorting out plaintiff's claims for him, as it did in this instance.

C.     Plaintiff's Claims[1]

1.     Incident 1

Plaintiff alleges that after he filed a citizen's complaint on February 27, 2002, against David S. Sutherland, a correctional officer, defendants Winett, Meadors, and Barker confiscated his kosher food package on December 6, 2002, which deprived him of the right to practice his religion, and refused to provide him with a receipt, which deprived him of due process. Plaintiff alleges that defendants discriminated against him because he is Jewish, and retaliated against him for filing the complaint against Sutherland. Plaintiff alleges that defendants Calderon, Schmidt, Vazquez, Allen, Peters, Grannis, and Alameida concurred with defendants Winett, Meadors, and Barker's conduct.

///

///

---

[1] Plaintiff's claims arise from 4 separate incidents. Therefore, the court shall address the claims as they arise from each of the four incidents.

a.      Free Exercise of Religion

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof.  U.S. Const., amend. I.  The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion.  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987).  The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives.  Id.; McElyea v. Babbit, 833 F. 2d 196, 197 (9th Cir. 1987).  "In order to establish a free exercise violation, [plaintiff] must show the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith."  Freeman v. Arpaio,125 F.3d 732, 736 (9th Cir. 1997).

Plaintiff's conclusory allegation that defendants Winett, Meadors, and Barker confiscated his kosher food package is insufficient to support a claim that the confiscation complained of worked to violate plaintiff's constitutional rights.  Not every interference with religious practices rises to the level of a constitutional violation, and plaintiff has not alleged facts which indicate that the deprivation prevented him from engaging in conduct mandated by his faith.

b.      Due Process

The conclusory allegation that defendants refused to provide plaintiff with a receipt is insufficient to support a claim that plaintiff was deprived of his property without due process of law.  Further, plaintiff has state law remedies available to him with respect to the property deprivation, and as a result, his claim does not constitute a violation of the procedural requirement of the Due Process Clause of the Fourteenth Amendment.  Hudson v. Palmer, 468 U.S. 517, 530-34 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

c.      Discrimination

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which

1   included plaintiff.  <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000) (equal protection

2   claims may be brought by a "class of one"); <u>Reese v. Jefferson Sch. Dist. No. 14J</u>, 208 F.3d 736, 740

3   (9th Cir. 2000); <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998); <u>Federal Deposit Ins.</u>

4   <u>Corp. v. Henderson</u>, 940 F.2d 465, 471 (9th Cir. 1991); <u>Lowe v. City of Monrovia</u>, 775 F.2d 998,

5   1010 (9th Cir. 1985).  "A plaintiff must allege facts, not simply conclusions, that show that an

6   individual was personally involved in the deprivation of his civil rights."  <u>Barren</u>, 152 F.3d at 1194.

7           Although plaintiff alleges that defendants discriminated against him, plaintiff has not alleged

8   any facts that support a claim that defendants intentionally discriminated against him on the basis

9   of his religion.

10                              d.      <u>Retaliation</u>

11          Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

12  the government may support a section 1983 claim.  <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir.

13  1985); <u>see</u> <u>also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65

14  F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

15  retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

16  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

17  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

18  a legitimate correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

19          Plaintiff's allegation that defendants Winett, Meadors, and Barker confiscated his kosher

20  food package in retaliation for the citizen's complaint plaintiff filed against Officer Sutherland is

21  sufficient to give rise to a claim for relief under section 1983 for retaliation against plaintiff for

22  exercising his rights under the First Amendment.

23                              e.      <u>Inmate Appeals Process</u>

24          Based on the allegations set forth in the amended complaint that defendants Calderon,

25  Schmidt, Vazquez, Allen, Peters, Grannis, and Alameida concurred with defendants Winett,

26  Meadors, and Barker's conduct, it appears that plaintiff is attempting to impose liability on

27  defendants based on their involvement in considering and/or resolving plaintiff's appeal of

28  defendants Winett, Meadors, and Barker's underlying conduct.

1    To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under

2    color of state law and (2) that the defendant deprived him of rights secured by the Constitution or

3    federal statutes.  Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).  "[A prison]

4    grievance procedure is a procedural right only, it does not confer any substantive right upon the

5    inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568

6    F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no

7    liberty interest in processing of appeals because no entitlement to a specific grievance procedure);

8    Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no

9    liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Actions in

10   reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983

11   action.  Buckley, 997 F.2d at 495.

12   Consideration of plaintiff's appeal of the confiscation of his kosher package does not create

13   a basis upon which to impose liability on defendants for the actions that were taken by defendants

14   Winett, Meadors, and Barker.  There are no facts set forth in the amended complaint that support a

15   claim that defendants Calderon, Schmidt, Vazquez, Allen, Peters, Grannis, and Alameida violated

16   plaintiff's rights.

17            2.    Incident 2

18   Plaintiff alleges that on December 11, 2002, Officer Blanchard issued a false disciplinary

19   report against him after plaintiff argued with defendant Calderon over the confiscated kosher food

20   package.  Plaintiff alleges defendants Johnson, Howard, Papac, Meadors, Winett, and Calderon

21   forced him to take a body x-ray, and that defendant Vo falsified the x-ray report by stating that

22   plaintiff had rectal contraband.  Plaintiff alleges defendants' actions were retaliatory, discriminatory,

23   and constituted cruel and unusual punishment.  Plaintiff alleges he was placed in punitive

24   segregation on contraband watch, forced to remove his pants and shirt, and placed in mechanical

25   restraints, a waistchain, handcuffs, and leg irons clad only in a t-shirt and boxer shorts.  Plaintiff

26   alleges he was freezing cold and defendants Mack, Reed, and Traynham denied him clothing or a

27   blanket.  Plaintiff alleges that he threatened to commit suicide to stop the pain from the cold.

28   Plaintiff alleges that defendant Ortiz, a medical technical assistant was summoned, but refused to

take plaintiff's vital signs and falsified a medical report by stating he gave plaintiff medical care. Plaintiff was subsequently placed in a freezing cell with fecal matter on the floor, no running water, no mattress, and no blanket for three days. Plaintiff alleges he went on a hunger strike for those three days and on the third day was given another x-ray, which cleared him of having rectal contraband. Plaintiff alleges that defendants Calderon, Winett, Vazquez, Lofin, Grannis, and Alameida concurred with these actions.

### a.   Retaliation and Discrimination

Plaintiff has not alleged any facts that support a claim that he was retaliated against for exercising any rights protected under the First Amendment, and has not alleged any facts that support a claim that he was intentionally discriminated against based on his religion. Accordingly, plaintiff fails to state a claim for retaliation or for denial of equal protection.

### b.   Cruel and Unusual Punishment

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting

1  evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence

2  on the part of the prison official is not sufficient to establish liability, but rather, the official's

3  conduct must have been wanton. Id. at 835; Frost, 152 F.3d at 1128.

4  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

5  Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8

6  (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive

7  to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme

8  deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."

9  Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part

10 of the penalty that criminal offenders pay for their offenses against society, only those deprivations

11 denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis

12 of an Eighth Amendment violation." Id. (quotations and citations omitted).

13 The allegations that plaintiff was forced to take two body x-rays and that defendants Vo and

14 Ortiz falsified medical reports does not rise to the level of an Eighth Amendment violation.

15 However, plaintiff's allegation that he was held in a freezing cold, filthy cell for three days is

16 sufficient to support an Eighth Amendment claim against defendants Reed, Mack, and Traynham.

17 Plaintiff has not alleged any facts linking the other defendants named in this section of the complaint

18 to the conditions of the cell. Only those defendants involved in confining plaintiff in the cell for

19 three days or with knowledge of the conditions plaintiff was being held in for three days are proper

20 defendants under this claim.

21                          c.    Inmate Appeals Process

22 As set forth in subsection C(1)(e), defendants Calderon, Winett, Vazquez, Lofin, Grannis,

23 and Alameida's involvement in consideration of plaintiff's inmate appeal does not provide a basis

24 upon which to impose liability under section 1983. Plaintiff has not alleged any facts that support

25 a claim that these defendants, in considering plaintiff's appeal after the fact, violated plaintiff's

26 constitutional rights.

27 ///

28 ///

3.    <u>Incident 3</u>

Plaintiff alleges that on December 26, 2002, defendants Tamara and James Peterson issued a false disciplinary report against him for possessing a weapon while he was in punitive segregation, in retaliation for the argument plaintiff had with defendant Calderon on December 11, 2002. Plaintiff alleges that defendants discriminated against him, and that Calderon, Witcher, Sullivan, Alameida, Allen, and Grannis concurred with these actions.

Plaintiff alleges that defendant Welcher was assigned as plaintiff's investigative employee for the disciplinary report plaintiff was issued by defendants Tamara and James Peterson for possession of a weapon. Plaintiff alleges that defendant Welcher retaliated and discriminated against him, and conspired with defendant Tamara Peterson to deny plaintiff due process. Plaintiff alleges that defendant Welcher refused to interview four of plaintiff's witnesses and document plaintiff's full statement. Plaintiff alleges that defendants Welcher and Tamara Peterson stood outside plaintiff's cell door and made discriminatory comments against plaintiff for being Jewish. Plaintiff alleges that defendant Welcher falsified the disciplinary report and sabotaged plaintiff's defense. Plaintiff alleges that defendants Reed, Calderon, Meadors, Witcher, Alameida, Allen, and Grannis concurred with the actions of defendants Tamara Peterson and Welcher.

Plaintiff alleges that on February 5, 2003, a disciplinary hearing was held before defendant White on the charge that plaintiff was in possession of a weapon. Plaintiff alleges defendant White discriminated against him, retaliated against him, denied him due process, and conspired with defendants Tamara Peterson, Welcher, and Bowman to find plaintiff guilty of the false charge. Plaintiff alleges defendant White refused to allow plaintiff's requested staff witnesses, refused to consider the declarations of plaintiff's inmate witnesses, refused to allow plaintiff's written statement, refused to produce the weapon or a photo of the weapon, and refused to believe that plaintiff was never in possession of the calendar in which the weapon was found. Plaintiff alleges he was found guilty of the charge and assessed a credit loss of ninety-five days. Plaintiff alleges defendants Huebner, Winett, Calderon, Alameida, Schmidt, Vazquez, Lofin, and Grannis concurred with these actions.

///

As a result of being found guilty of possessing a weapon, plaintiff lost time credits, which affects the length of his sentence. Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, all of plaintiff's claims stemming from the issuance of the false disciplinary report, and the events relating to the investigation of the disciplinary report and the disciplinary hearing are barred until such time as plaintiff invalidates the result of the disciplinary hearing.

### 4.   Incident 4

Plaintiff alleges that on March 7, 2003, defendant Barker told plaintiff he did not "give a shit about Jews." (Amend. Comp., 26:28-27:3.) Plaintiff alleges that defendant Chappel agreed and told plaintiff that there is payback for inmates who disrespect the warden. Plaintiff alleges that on March 12, 2003, defendants Barker and Chappel retaliated and discriminated against him, and denied him his right to practice his religion by confiscating his menorahs, candles, and radio. Plaintiff alleges that defendant Barker assured him that he and defendant Chappel had packed plaintiff's property. Plaintiff was subsequently transferred to California State Prison-Corcoran, where he discovered that his menorahs, candles, and radio were missing. Plaintiff alleges that defendants Howard, Huebner, Calderon, Winett, Vazquez, Allen, Surges, Grannis, and Alameida concurred with the actions of defendants Barker and Chappel.

####    a.   Retaliation, Free Exercise of Religion, Discrimination, and Inmate Appeals Process

Plaintiff has not alleged any facts that support a claim that he was retaliated against for exercising any rights protected under the First Amendment, or that defendants prevented him from engaging in conduct mandated by his religion. However, plaintiff's allegations are sufficient to support a claim that defendants Barker and Chappel intentionally discriminated against him based

on his religion.  As set forth in subsection C(1)(e), defendants Howard, Huebner, Calderon, Winett, Vazquez, Allen, Surges, Grannis, and Alameida's involvement in consideration of plaintiff's inmate appeal does not provide a basis upon which to impose liability under section 1983.  Plaintiff has not alleged any facts that support a claim that these defendants, in considering plaintiff's appeal after the fact, violated plaintiff's constitutional rights.

        D.    <u>Conclusion</u>

        The court finds that plaintiff's amended complaint contains cognizable claims for relief against defendants Winett, Meadors, and Barker for retaliation (incident 1), defendants Reed, Mack, and Traynham for violation of the Eighth Amendment (incident 2), and defendants Barker and Chappel for violation of the Equal Protection Clause (incident 4).  However, the court finds that plaintiff's complaint does not contain any other claims upon which relief may be granted under section 1983.  The court will provide plaintiff with the opportunity to file a second amended complaint, if plaintiff wishes to do so.

        If plaintiff does not wish to file a second amended complaint and wishes to proceed against defendants Winett, Meadors, and Barker for retaliation (incident 1), defendants Reed, Mack, and Traynham for violation of the Eighth Amendment (incident 2), and defendants Barker and Chappel for violation of the Equal Protection Clause (incident 4), plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff seven summonses and seven USM-285 forms to fill out and return to the court.  Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Winett, Meadors, Barker, Reed, Mack, Traynham, and Chappel.

        In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

1     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

2     complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

3     625 F.2d 227 (9th Cir. 1980).   The complaint must allege in specific terms how each named

4     defendant is involved.   There can be no liability under 42 U.S.C. § 1983 unless there is some

5     affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

6     Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

7     588 F.2d 740, 743 (9th Cir. 1978).

8     Based on the foregoing, it is HEREBY ORDERED that:

9     1.     The Clerk's Office shall send plaintiff a civil rights complaint form;

10    2.     Within **thirty (30) days** from the date of service of this order, plaintiff must either:

11           a.     File a second amended complaint curing the deficiencies identified by the

12                  court in this order, or

13           b.     Notify the court in writing that he does not wish to file a second amended

14                  complaint and wishes to proceed only against defendants Winett, Meadors,

15                  and Barker for retaliation (incident 1), defendants Reed, Mack, and Traynham

16                  for violation of the Eighth Amendment (incident 2), and defendants Barker

17                  and Chappel for violation of the Equal Protection Clause (incident 4); and

18    3.     If plaintiff fails to comply with this order, this action will be dismissed for failure to

19           obey a court order.

20

21    IT IS SO ORDERED.

22    **Dated:    April 5, 2006**                    _____/s/ Lawrence J. O'Neill_____
      b9ed48                                         UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28