# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORTEZ BUCKLEY,<br><br>            Plaintiff,<br><br>    v.<br><br>EDWARD ALAMEIDA, JR., et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:04-CV-05688 OWW LJO P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 30) |

Plaintiff Antonio Cortez Buckley ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On July 27, 2006, plaintiff filed a motion seeking judicial intervention, which the Court construes to be a motion seeking preliminary injunctive relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the Court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

///

1  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
2  <u>Id</u>.

3  On July 12, 2006, plaintiff's legal and personal property was confiscated from his cell at the
4  California Substance Abuse and Treatment Facility in Corcoran by Correctional Officers Mobert and
5  Wheeler. (Doc. 30, ¶1.) Plaintiff characterizes the confiscation as "illegal" and seeks intervention
6  by the Court because he needs his legal material to litigate the pending action. (<u>Id</u>., ¶4.)

7  As plaintiff has been previously notified, federal courts are courts of limited jurisdiction.
8  (Doc. 18.) Because of this limited jurisdiction, as a threshold and preliminary matter the Court must
9  have before it for consideration a "case" or "controversy," <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968),
10 and if the Court does not have a "case" or "controversy" before it, it has no power to hear the matter
11 in question, <u>Rivera v. Freeman</u>, 469 F. 2d 1159, 1162-63 (9th Cir. 1972).

12 The claims in this action arise from plaintiff's conditions of confinement at the California
13 Correctional Institution in Tehachapi. (Docs. 9, 19.) The issuance of the order sought by plaintiff
14 in his motion would not remedy the claims alleged in this action, and the Court therefore has no
15 jurisdiction to issue the order sought. The pendency of this action may not be used as a basis to
16 obtain a preliminary injunction aimed at assisting plaintiff in litigating this action effectively or
17 efficiently. The Court notes that at this juncture, plaintiff's second amended complaint is awaiting
18 screening by the Court. The Court has a large number of cases pending before it and will screen
19 plaintiff's complaint in due course.

20 For the foregoing reason, the Court HEREBY RECOMMENDS that plaintiff's motion for
21 preliminary injunctive relief, filed July 27, 2006, be DENIED.

22 These Findings and Recommendations will be submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
24 **days** after being served with these Findings and Recommendations, the parties may file written
25 objections with the court. The document should be captioned "Objections to Magistrate Judge's
26 Findings and Recommendations." The parties are advised that failure to file objections within the
27 ///
28 ///

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     August 25, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                                 UNITED STATES MAGISTRATE JUDGE