# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORTEZ BUCKLEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD ALAMEIDA, JR., et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:04-cv-05688-OWW-NEW (DLB) PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 34)<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR SERVICE OF THE THIRD AMENDED COMPLAINT<br><br>(Doc. 42) |

I.　Order

　　A.　Procedural History

Plaintiff Antonio Cortez Buckley ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")). Plaintiff filed this action on December 29, 2003, in the Sacramento Division of the Eastern District of California, and it was transferred to this division on May 11, 2004. On October 26, 2004, the Magistrate Judge dismissed plaintiff's complaint, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8(a). (Doc. 9.) Plaintiff filed an amended complaint on July 11, 2005. (Doc. 19.)

On April 5, 2006, the Magistrate Judge issued an order finding that plaintiff's amended

1

complaint stated cognizable claims for relief against defendants Winett, Meadors, and Barker for retaliation (incident 1), defendants Reed, Mack, and Traynham for violation of the Eighth Amendment (incident 2), and defendants Barker and Chappel for violation of the Equal Protection Clause (incident 4), but did not state any other claims upon which relief may be granted under section 1983. (Doc. 24.) The Magistrate Judge ordered plaintiff to either file a second amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable by the Court. (Id.) Plaintiff filed a second amended complaint on May 12, 2006. (Doc. 28.) On December 4, 2006, the Magistrate Judge screened plaintiff's second amended complaint and issued a Findings and Recommendations recommending as follows:

1. This action proceed on plaintiff's second amended complaint, filed May 12, 2006, on plaintiff's retaliation claim against defendants Howard, Johnson, Barker, Chappel, Papac, Meadors, and Winett arising out of excessive body searches (Incident 1), retaliation claim against defendants Winett, Meadors, Barker, and Woodley arising out of the confiscation of his kosher food package (Incident 1), and equal protection claim against defendants Barker and Chappel arising out of the disappearance of his religious property (Incident 3);
2. Plaintiff's claim for declaratory relief be dismissed from this action for mootness, and this action proceed as one for damages only;
3. Plaintiff's free exercise claim against defendants Winett, Meadors, Barker, and Woodley alleged in Incident 1 be dismissed from this action, with prejudice, for failure to state a claim upon which relief may be granted;
4. Plaintiff's equal protection claim against defendants alleged in Incident 1 be dismissed, with prejudice, for failure to state a claim upon which relief may be granted;
5. Plaintiff's conspiracy claim against defendants Calderon, Winett, Meadors, Barker, Woodley, Alameida, and Grannis alleged in Incident 1 be dismissed from this action, with prejudice, for failure to state a claim upon which relief may be granted;
6. Plaintiff's retaliation, equal protection, Eighth Amendment, and conspiracy claims alleged in Incident 2 be dismissed, with prejudice, for failure to state any claims upon which relief may be granted;
7. Plaintiff's free exercise and retaliation claims alleged in Incident 3 be dismissed, with prejudice, for failure to state any claims upon which relief may be granted; and
8. Defendants Calderon, Alameida, Grannis, Vasquez, Vo, Ortiz, Reed, Kordan, Traynham, Mack, and Doe x-ray tech be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

(Doc. 34, 11:5-12:5.)

On December 14, 2006, plaintiff filed an Objection in which he contended that due to confusion and grief following the deaths of his son and grandson in a car accident, he inadvertently

submitted the wrong statement of claim, and that an attorney assisted him with amending his claim, but he failed to submit that amendment. (Doc. 35.) The Court declined to vacate the Findings and Recommendations at that juncture, but provided plaintiff with thirty days within which to file a third amended complaint. (Doc. 36.) On March 23, 2007, after obtaining an extension of time, plaintiff filed a third amended complaint, which is the subject of this Order. (Doc. 42.)

   B.  <u>Screening Requirement</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>, 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see</u> <u>also</u> <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a

plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### C. Summary of Plaintiff's Third Amended Complaint

The events at issue in this action allegedly occurred at the California Correctional Institution ("CCI") in Tehachapi, where plaintiff was incarcerated at the time. Plaintiff names Arthur Calderon, Edward S. Alameida, Jr., Nola Grannis, P. L. Vasquez, T. Vo, M. Ortiz, T. W. Meadors, D. R. Reed, Bernard Kordan, T. Traynham, R. L. Papac, David L. Winett, Paul F. Woodley, Dr. Kim, Dennis Barker, M. Howard, M. Johnson, Mack, Chappel, and John Doe x-ray tech as defendants. Plaintiff is seeking monetary damages and declaratory relief.

#### 1. Prayer for Declaratory Relief

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated. Accordingly, a declaration that defendants violated plaintiff's rights is unnecessary.

Further, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Because the events at issue in this action occurred in 2002 and 2003 at CCI and plaintiff is no longer incarcerated there, plaintiff's claim for declaratory relief is moot.

For the foregoing reasons, plaintiff's claim for declaratory relief shall be dismissed and this

action shall proceed as one for damages only.

      D.      <u>Plaintiff's Claims</u>

           1.      <u>Incident 1</u>

Plaintiff alleges that he is a black Orthodox Jew, and was the only Jewish prisoner housed in Unit 4 at CCI, which holds approximately one-thousand prisoners. Plaintiff alleges that he filed a grievance against David S. Sutherland, a correctional officer, on February 27, 2002, and then filed complaints with the Kings County Grand Jury, the Inspector General's Office, the Federal Bureau of Investigation, and the federal court. Plaintiff alleges that thereafter, defendants Howard, Johnson, Barker, Chappel, Papac, Meadors, and Winett harassed plaintiff daily with threats and excessive body searches, and yelled anti-Semitic slurs at plaintiff because he would not shave his beard and stop wearing his kippah.

Plaintiff alleges that on December 6, 2002, defendants Winett, Meadors, Barker, and Woodley confiscated his kosher food package, in violation of RLUIPA and the Free Exercise Clause. Plaintiff alleges that he was deprived of his ability to eat kosher food for Hanukkah, which is mandated by his faith. Plaintiff alleges that he served notice on defendants Calderon, Vazquez, Grannis, and Alameida, but they refused to intervene and on February 6, 2003, concurred with the confiscation of his package.

           a.      <u>Retaliation Claim</u>

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); <u>see</u> <u>also</u> <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005).

Yelling, threats, and slurs do not rise to the level of a constitutional violation. <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987); <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).

5

However, in light of federal notice pleading standards, plaintiff's allegation that defendants Howard, Johnson, Barker, Chappel, Papac, Meadors, and Winett subjected him to excessive body searches after he filed complaints is sufficient to state a claim for retaliation. Fed. R. Civ. P. 8(a).

### b. Free Exercise Claim

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof. U.S. Const., amend. I. The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives. Id.; McElyea v. Babbit, 833 F. 2d 196, 197 (9th Cir. 1987). "In order to establish a free exercise violation, [plaintiff] must show the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997).

Plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Winett, Meadors, Barker, and Woodley for violation of the Free Exercise Clause, arising from the confiscation of plaintiff's kosher food package. Fed. R. Civ. P. 8(a).

### c. RLUIPA Claim

The Religious Land Use and Institutionalized Persons Act of 2000 provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
> (1) is in furtherance of a compelling government interest; and
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original). "RLUIPA is to be construed broadly in favor of

protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff's allegations are sufficient to give rise to a claim for relief against defendants Winett, Meadors, Barker, and Woodley for violation of RLUIPA, arising from the confiscation of plaintiff's kosher food package. Fed. R. Civ. P. 8(a).

     d.  Claim Against Defendants Calderon, Vazquez, Grannis, and Alameida

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Plaintiff was previously informed that consideration of plaintiff's appeal of the confiscation of his kosher package does not create a basis upon which to impose liability on defendants for the actions that were taken by defendants Winett, Meadors, Barker, and Woodley. (Doc. 24, 6:23-7:16.) There are no facts set forth in the third amended complaint which support a claim that defendants Calderon, Vazquez, Grannis, and Alameida were responsible for the confiscation of plaintiff's kosher package, in violation of plaintiff's federal rights.

  2.  Incident 2

Plaintiff alleges that on December 11, 2002, he and defendant Calderon got into an argument concerning his grievance over the confiscation of his kosher food package. Plaintiff alleges that defendant Calderon slurred him by saying, "You people are always complaining." (3rd Amend. Comp., 15:17.) Plaintiff alleges he was taken to the medical clinic where defendants Calderon,

Winett, Meadors, Papac, Howard, and Johnson forced him to have an unnecessary body x-ray in retaliation for standing up for his right to exercise his religion. Plaintiff alleges defendants Vo, Kordan, and Doe retaliated against him by falsifying the medical report to state that plaintiff had rectal contraband. As a result, plaintiff alleges he was placed in punitive segregation on contraband status.

Defendant Reed forced plaintiff to remove his pants, shirt, and shoes, and placed plaintiff in full mechanical restraints, a waist chain, handcuffs, and leg irons. Plaintiff alleges he was dressed only in a t-shirt, boxer shorts, and shower shoes, and was placed in a holding cell the size of a telephone booth and made of metal mesh. Plaintiff alleges he was freezing cold, and defendants Mack, Reed, and Traynham denied his numerous requests for clothing and a blanket. Plaintiff alleges he told defendant Mack he would commit suicide to stop the freezing cold.

Plaintiff alleges that defendant Ortiz, a medical technical assistant, was summoned but denied plaintiff medical treatment. Plaintiff alleges defendant Kim, a doctor, was called but he also denied plaintiff medical treatment, and defendant Ortiz told him he was not going to "get shit" because he disrespected the warden. (Id., 17:10.)

Plaintiff alleges that defendants Reed, Mack, and Traynham subsequently placed him in a freezing strip cell with fecal matter on the walls, floor and bunks, and with no heat, no running water, no mattress, no blanket, and no cleaning supplies for three days. Plaintiff alleges he went on a hunger strike and on the third day was given another x-ray, which cleared him of having rectal contraband.

      a.    Retaliation Claim

Plaintiff's allegations are sufficient to give rise to claims for relief against defendants Calderon, Winett, Meadors, Papac, Howard, Johnson, Vo, Kordan, and Doe for retaliation.

      b.    Cruel and Unusual Punishment Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.

Plaintiff's allegations arising out of the conditions of the cell he was confined in are sufficient to give rise to a claim for relief against defendants Reed, Mack, and Traynham for violation of the Eighth Amendment.  Fed. R. Civ. P. 8(a).  However, plaintiff's conclusory allegation that defendants Ortiz and Vo were summoned but did not provide medical care does not support a claim that either defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ."  Farmer, 511 U.S. at 837.

### 3. Incident 3

Plaintiff alleges that on March 7, 2003, when he was at the property office, defendant Barker told plaintiff he did not "give a shit about Jews." (3rd Amend. Comp., 18:10-11.) Plaintiff alleges that defendant Chappel agreed with Barker and told plaintiff that there is payback for inmates who disrespect the warden.  Plaintiff alleges that on March 12, 2003, defendants Barker and Chappel retaliated and discriminated against him, and denied him his right to practice his religion by confiscating his two menorahs, candles, and radio.  Plaintiff alleges that defendant Barker assured him that he and defendant Chappel had packed all of plaintiff's property, and called plaintiff a "smart ass Jew boy" as Barker was leaving the office.  (Id., 20:5.)  Plaintiff was subsequently transferred to California State Prison-Corcoran, where he discovered that his menorahs, candles, and radio were missing.

///

        a.    Free Exercise, Retaliation, and Equal Protection Claims

These claims suffer from the exact deficiencies as identified in plaintiff's second amended complaint by the Magistrate Judge. Plaintiff's property was packed and plaintiff was transported to another prison, whereupon he discovered the missing religious items. These allegations do not support a free exercise claim against defendants Barker and Chappel. Further, plaintiff has not alleged any facts that support a claim that he was retaliated against for exercising any rights protected under the First Amendment. However, plaintiff's allegations are sufficient to support a claim that defendants Barker and Chappel intentionally discriminated against him based on his religion.[1] Fed. R. Civ. P. 8(a).

    D.    Conclusion

The Court has screened plaintiff's third amended complaint and finds that it states cognizable claims for relief against defendants Howard, Johnson, Barker, Chappel, Papac, Meadors, and Winett for retaliation arising out of excessive body searches (Incident 1); against defendants Winett, Meadors, Barker, and Woodley for violation of the Free Exercise Clause and RLUIPA arising out of the confiscation of plaintiff's kosher food package (Incident 1); against defendants Calderon, Winett, Meadors, Papac, Howard, Johnson, Vo, Kordan, and Doe for retaliation (Incident 2); against defendants Reed, Mack, and Traynham for violation of the Eighth Amendment arising out of the condition of the cell plaintiff was housed in (Incident 2); and against defendants Barker and Chappel for violation of the Equal Protection Clause arising out of the disappearance of plaintiff's religious property (Incident 3). However, plaintiff's claim against defendants Howard, Johnson, Barker, Chappel, Papac, Meadors, and Winett arising out of threats and anti-Semitic slurs is not cognizable

---

[1] "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

(Incident 1), plaintiff's claim against defendants Calderon, Alameida, Grannis, and Vasquez arising from the confiscation of his kosher package is not cognizable (Incident 1), plaintiff's claim against defendants Ortiz and Kim arising from their failure to provide medical care is not cognizable (Incident 2), and plaintiff's free exercise claim and retaliation claims alleged in Incident 3 are not cognizable. Plaintiff has had ample opportunity to amend and the claims which are not cognizable shall be dismissed, with prejudice.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Findings and Recommendations, which addressed plaintiff's second amended complaint, filed December 4, 2006, is VACATED;

2. This action shall proceed on plaintiff's third amended complaint, filed March 23, 2007, on:

    a. Plaintiff's retaliation claim against defendants Howard, Johnson, Barker, Chappel, Papac, Meadors, and Winett arising out of excessive body searches (Incident 1);

    b. Plaintiff's free exercise and RLUIPA claims against defendants Winett, Meadors, Barker, and Woodley arising out of the confiscation of plaintiff's kosher food package (Incident 1);

    c. Plaintiff's retaliation claims against defendants Calderon, Winett, Meadors, Papac, Howard, Johnson, Vo, Kordan, and Doe (Incident 2);

    d. Plaintiff's Eighth Amendment claim against defendants Reed, Mack, and Traynham arising out of the condition of the cell plaintiff was housed in (Incident 2); and

    e. Plaintiff's equal protection claim against defendants Barker and Chappel arising out of the disappearance of his religious property (Incident 3);

2. Plaintiff's claim for declaratory relief is dismissed, and this action shall proceed as one for damages only;

3. Plaintiff's claim against defendants Howard, Johnson, Barker, Chappel, Papac, Meadors, and Winett arising out of threats and anti-Semitic slurs is dismissed, with

        prejudice, for failure to state a claim upon which relief may be granted;

4.     Plaintiff's claim against defendants Calderon, Alameida, Grannis, and Vasquez arising from the confiscation of plaintiff's kosher package is dismissed, with prejudice, for failure to state a claim upon which relief may be granted (Incident 1);

5.     Plaintiff's claim against defendants Ortiz and Kim arising from their failure to provide medical care is dismissed, with prejudice, for failure to state a claim upon which relief may be granted (Incident 2);

6.     Plaintiff's free exercise claim and retaliation claims alleged in Incident 3 are dismissed, with prejudice, for failure to state a claim upon which relief may be granted; and

7.     Defendants Alameida, Grannis, Vasquez, Ortiz, and Kim dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them.

IT IS SO ORDERED.

**Dated:   April 10, 2007**　　　　　　　　　　　　**/s/ Oliver W. Wanger**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE