# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORTEZ BUCKLEY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EDWARD ALAMEIDA, JR., et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:04-cv-05688-OWW-GSA PC<br><br>ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE BEFORE UNITED STATES MAGISTRATE JUDGE NANDOR VADAS WOULD BE BENEFICIAL<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff Antonio Cortez Buckley ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")).  This action is proceeding on Plaintiff's third amended complaint, filed March 23, 2007, against (1) Defendants Howard, Johnson, Barker, Chappel, Papac, Meadors, and Winett for retaliation arising out of excessive body searches (Incident 1); (2) Defendants Winett, Meadors, Barker, and Woodley for violation of the Free Exercise Clause and RLUIPA arising out of the confiscation of Plaintiff's kosher food package (Incident 1); (3) Defendants Calderon, Winett, Meadors, Papac, Howard, Johnson, Vo, Kordan, and Doe for retaliation (Incident 2); (4) Defendants Reed, Mack, and Traynham for violation of the Eighth Amendment arising out of the condition of the cell Plaintiff was housed in (Incident 2); and (5) Defendants Barker and Chappel for violation of the Equal Protection Clause arising out of the disappearance of Plaintiff's religious property (Incident 3). (Docs. 42, 44, 45.) Pursuant to the Court's order of September 24, 2008, the parties' requests to set

///

1  aside the Second Scheduling Order to conduct further discovery and file pretrial dispositive motions
2  were granted.

3      This Court has been provided with the opportunity to refer cases for settlement to the
4  Honorable Nandor Vadas, a United States Magistrate Judge with the Northern District of California.
5  The Court has identified this case as one which might benefit from a settlement conference with
6  Judge Vadas. Settlement conferences are held in person at a prison in the Sacramento Division of
7  the Eastern District of California. Plaintiff and Defendants shall notify the Court whether they
8  believe, in good faith, that settlement in this case is a possibility and whether they are interested in
9  having a settlement conference with Judge Vadas.[1]

10      The facility at which the settlement conferences are conducted is not a Level IV prison.
11  Therefore, Defendants' counsel shall notify the Court whether there are security concerns that would
12  prohibit scheduling a settlement conference. If security concerns exist, counsel shall notify the Court
13  whether those concerns can be adequately addressed if Plaintiff is transferred to the prison for
14  settlement only and then returned to a Level IV prison for housing.

15      <u>Accordingly, within **thirty (30) days** from the date of service of this order, Plaintiff and
16  Defendants shall file a written response to this order.</u>[2]

19  IT IS SO ORDERED.

20  Dated:   **October 9, 2008**           /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

[2] The issuance of this order does not guarantee referral to Judge Vadas, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference with Judge Vadas.