# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORTEZ BUCKLEY,<br><br>    Plaintiff,<br><br>  v.<br><br>EDWARD ALAMEIDA, JR., et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:04-cv-05688-OWW-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR HEARING ON MOTION TO COMPEL AND FOR SANCTIONS<br><br>(Doc. 96)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DEPOSITION AND DENYING DEFENDANTS' MOTION FOR SANCTIONS, AND REQUIRING DEFENDANTS TO FILE NOTICE OF COSTS WITHIN THIRTY DAYS<br><br>(Doc. 92)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR MODIFICATION OF SCHEDULING ORDER, AND DIRECTING CLERK'S OFFICE TO RE-SERVE DOCS. 65 AND 84 AND PROVIDE PLAINTIFF WITH COPY OF DOCKET<br><br>(Doc. 91)<br><br>Amended Discovery Deadline: 12/08/2009<br>Amended Motion Deadline: 03/08/2010 |

    Plaintiff Antonio Cortez Buckley is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")). Pursuant to the scheduling order filed on September 24, 2008, the deadline for the completion of discovery was April 1, 2009, and the

deadline to file pretrial dispositive motions was June 1, 2009. Pending before the Court are Plaintiff's motion to vacate the scheduling order, Defendants' motion to compel Plaintiff's deposition and for sanctions, and Plaintiff's motion for a hearing on Defendants' motion to compel.

## I. Motion to Compel and for Sanctions

Pursuant to their motion filed on April 1, 2009, Defendants seeks an order compelling Plaintiff's deposition and monetary sanctions in the amount of $2,680.00. Plaintiff filed an opposition to the motion on April 27, 2009, and Defendants filed a reply on May 8, 2009. On May 22, 2009, Plaintiff filed a motion seeking a hearing on the pending motion.

Based on a review of the record, the Court does not find a hearing to be necessary, and Plaintiff's motion is denied. Local Rule 78-230(m).

The parties agree on the following facts. Defendants noticed Plaintiff's deposition via video conference for March 19, 2009. (Doc. 92-4, Motion to Compel, Ex. C.) After receiving notice of the deposition, Plaintiff wrote Defendants' counsel a letter objecting to the taking of his deposition by video conference, and stating that it should be taken in person in a visiting room with only Plaintiff, counsel, and the court reporter present. (Id., Ex. D.) Plaintiff did not want correctional staff present in the room, claiming that he was being harassed and threatened, and retaliated against for his litigation activities. (Id.) Defendants' counsel responded in writing to Plaintiff, stating that his objections were without merit and warning him that if he failed to appear or answer questions, she would seek appropriate sanctions. (Id., Ex. E.) The deposition commenced on March 19, 2009, and Plaintiff refused to answer questions relating to this case, resulting in termination of the deposition. (Id.)

Plaintiff advances two arguments in support of his failure to answer questions at his deposition. Plaintiff contends that he was not served with the scheduling order filed on September 24, 2008, and that Defendants' counsel refuses to answer his discovery requests dated March 18, 2009, and March 19, 2009.

Neither argument justifies Plaintiff's failure to cooperate at his deposition. Objections to the taking of a deposition or questions over the entitlement to take a deposition *must be* raised by Plaintiff in a motion for a protective order. Fed. R. Civ. P. 26(c). Because Plaintiff failed to seek

1 a protective order from the Court and refused to answer questions at his deposition, Defendants are
2 entitled to an order compelling Plaintiff's deposition.[1] Fed. R. Civ. P. 37(a)(3)(B)(i).

3 However, Defendants are not entitled to the costs they incurred in preparing for Plaintiff's
4 deposition, absent violation of a prior court order or Plaintiff's failure to attend his deposition,
5 neither of which occurred.[2] Fed. R. Civ. P. 37(b)(2)(C),(d)(3). Accordingly, Defendants' motion
6 for sanctions in the amount of $2,680.00 for deposition preparation costs is denied.

7 When a motion to compel deposition responses is granted, the Court must award the
8 prevailing party reasonable expenses incurred in making the motion to compel, absent circumstances
9 which would make the award unjust. Fed. R. Civ. P. 37(a)(5). Therefore, Defendants have thirty
10 days to file a notice of the costs they incurred in making their motion to compel, and Plaintiff has
11 thirty days thereafter to file a response. Id.

12 **II.    Motion for Modification of the Scheduling Order**

13 Finally, on March 30, 2009, Plaintiff filed a motion seeking to vacate the scheduling order
14 filed on September 24, 2008. In their motion to compel, Defendants also seek modification of the
15 scheduling order. Based on the record in this action, the Court finds good cause to modify the
16 scheduling order. Fed. R. Civ. P. 16(b)(4). Accordingly, the discovery deadline is extended to
17 December 8, 2009, and the pretrial dispositive motion deadline is extended to March 10, 2010.

18 In his motion to vacate the scheduling order, Plaintiff raises objections regarding his
19 exclusion from participating in a pretrial conference and the discovery plan. Plaintiff's contentions
20 are without merit. A pretrial conference has not yet been held, and this action is exempt from the
21 mandatory scheduling and discovery conferences. Local Rule 16-240(c)(8); Doc. 65, Disc./Sched.
22 Order, ¶5.

23 The Court will direct the Clerk's Office to provide Plaintiff with a copy of the docket, and
24 re-service of the orders Plaintiff states he never received. Plaintiff's assertion that he was not served

---

[1] Defendants are placed on notice that unless Plaintiff stipulates to a deposition by video conference, Defendants must seek a court order if they wish to take the deposition by remote means. Fed. R. Civ. P. 30(b)(4).

[2] The failure to answer questions at a deposition is not the failure to attend a deposition within the meaning of Rule 37(d). Estrada v. Rowland, 69 F.3d 405, 406 (9th Cir. ).

3

Case 1:04-cv-05688-SAB    Document 97    Filed 07/06/09    Page 4 of 4

by the Court is without merit. Plaintiff has been served by mail with all court orders. While it appears that Plaintiff did not receive several of the orders, the non-receipt was not the result of the Court's failure to serve the order on Plaintiff. If, after reviewing the docket, Plaintiff finds that other orders were not received, he shall notify the Court in writing and request re-service of those orders.

### III. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for a hearing, filed May 22, 2009, is DENIED;
2. Defendants' motion to compel and for sanctions, filed April 1, 2009, is GRANTED as to compelling Plaintiff's deposition, and DENIED as to sanctions;
3. Within **thirty (30) days** from the date of service of this order, Defendants shall file a notice of costs incurred in making their motion to compel, and Plaintiff has **thirty (30) days** from the date of service of Defendants' notice to file a response;
4. Plaintiff's motion for modification of the scheduling order, filed March 30, 2009, is GRANTED, and the scheduling order is amended as follows:
   a. The deadline for the completion of all discovery is extended to December 8, 2009; and
   b. The deadline for filing pretrial dispositive motions is extended to March 8, 2010; and
5. The Clerk's Office shall re-serve documents 65 and 84 on Plaintiff and send Plaintiff a copy of the docket.

IT IS SO ORDERED.

Dated:   **July 2, 2009**                    /s/ **Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE

4