1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

9   ANTONIO CORTEZ BUCKLEY,                    CASE NO. 1:04-cv-05688-OWW-GSA PC

10                    Plaintiff,               ORDER GRANTING IN PART
                                               DEFENDANTS' MOTION FOR COSTS,
11        v.                                   AND REQUIRING PLAINTIFF TO PAY
                                               $474.00 WITHIN SIXTY DAYS
12   EDWARD ALAMEIDA, JR., et al.,
                                               (Doc. 98)
13                    Defendants.
                                               ORDER DENYING DEFENDANTS'
14                                             REQUEST FOR A STAY

15                                             (Doc. 98)

16   _____/

17        Plaintiff Antonio Cortez Buckley is a state prisoner proceeding pro se and in forma pauperis

18   in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land

19   Use and Institutionalized Persons Act of 2000 ("RLUIPA")).  On July 6, 2009, the Court issued an

20   order granting Defendants' motion to compel Plaintiff's deposition, but denying their motion for the

21   costs they incurred in preparing for and setting up the deposition.  Defendants were granted thirty

22   days within which to file a notice of the costs they incurred in making their motion to compel.

23   Defendants filed their notice of costs and a request for a stay on July 31, 2009.  Plaintiff filed an

24   opposition on September 2, 2009.

25        Plaintiff refused to answer questions at his deposition and the Court's subsequent order

26   granting Defendants' motion to compel Plaintiff's deposition entitles Defendants to reasonable

27   expenses incurred in making their motion to compel, including attorney's fees.  Fed. R. Civ. P.

28   37(a)(5)(A).  If Plaintiff had failed to appear at his deposition, Defendants would have been entitled

1

1  to reasonable expenses caused by Plaintiff's failure to appear.  Fed. R. Civ. P. 37(d)(3).  However,

2  because Plaintiff refused to answer questions rather than failed to appear, Defendants are limited to

3  seeking the expenses incurred in making their motion to compel.  Fed. R. Civ. P. 37(a)(5)(A).

4         Defendants seek attorney's fees in the amount of $474.00 for preparing their motion to

5  compel.  Defendant's counsel attests that it took three hours to prepare the motion, and the billable

6  hourly rate for attorneys with the Attorney General's Office is $158.00.

7         Plaintiff disputes the hourly rate of $158.00 and argues that counsel should be required to

8  produce a copy of her paycheck.  Plaintiff further argues that Defendants are not entitled to seek

9  costs incurred as a result of the failed deposition.

10        Plaintiff's argument that counsel is not entitled to seek $158.00 an hour is unavailing.

11  Counsel has attested under penalty of perjury that $158.00 an hour is her current billable hourly rate

12  as an attorney with the Attorney General's Office.  Plaintiff has provided no evidence bringing this

13  rate into dispute, and $158.00 is in fact a reasonable hourly rate for an attorney, with many civil

14  attorneys billing at a much higher rate.

15        Further, Defendants are seeking this expense based on the three hours in took to draft and file

16  their motion to compel, which they are entitled to do.  This expense is not part of their deposition

17  cost, as Plaintiff argues.  Defendants have supported their request for $474.00, incurred in making

18  their successful motion to compel, and their request shall be granted.

19        Defendants also seek $310.00, which is the cost billed to them by the court reporter at

20  Plaintiff's failed deposition.  Defendants are not entitled to recoup costs spent on the failed

21  deposition, and the record does not support Defendants' argument that the $310.00 represents their

22  cost in having a deposition transcript processed to lodge as part of their motion to compel.  There

23  is no docket entry in this action indicating a transcript was lodged, and Defendant's motion to

24  compel contains no citations to a deposition transcript.  In the absence of any evidence that

25  Defendants lodged a deposition transcript and relied upon it in making their motion to compel, there

26  is no entitlement to this cost.[1]

27

28        [1] Defendants would not be entitled to the entire $310.00 even if they had lodged a transcript with their
motion to compel, but the Court need not reach this issue.

1     Finally, Defendants request that this action be stayed pending payment of the sanction

2   assessed against Plaintiff.  There is no basis presented to stay this action.  If Plaintiff fails to pay the

3   sanction amount, Defendants may at that time seek whichever remedy they believe they are entitled

4   to under the law.  The pretrial dispositive motion deadline is March 8, 2010, giving the parties ample

5   time to resolve any issues over the sanction prior to having to file pretrial dispositive motions.

6     For the reasons set forth herein, it is HEREBY ORDERED that:

7     1.     Defendants' motion for attorney's fees in the amount of $474.00 is GRANTED;

8     2.     Defendants' motion for court reporting expenses in the amount of $310.00 is

9          DENIED;

10    3.     Defendants' request for a stay is DENIED;

11    4.     Within **sixty (60) days** from the date of service of this order, Plaintiff shall pay

12         $474.00 to the Office of the Attorney General; and

13    5.     The failure to pay this sanction as ordered may result in the imposition of additional

14         sanctions deemed appropriate by the Court.

15

16

17    IT IS SO ORDERED.

18    **Dated:**    **October 19, 2009**              **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28