# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CORTEZ BUCKLEY, | CASE NO. 1:04-cv-05688-OWW-GSA PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, WITHOUT PREJUDICE TO RENEWAL WITHIN THIRTY DAYS, AND DENYING MOTION FOR REASONABLE EXPENSES |
| v. | |
| EDWARD ALAMEIDA, JR., et al., | |
| Defendants. | (Doc. 104) |
| | Amended Pretrial Dispositive Motion Deadline: 06/08/2010 |

**Order on Motion to Compel**

Plaintiff Antonio Cortez Buckley, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")) on December 29, 2003. This action is proceeding on Plaintiff's third amended complaint, filed on March 23, 2007, against Defendants Howard, Johnson, Barker, Chappel, Papac, Meadors, Winett, Woodley, Calderon, Vo, Kordan, Reed, Mack, and Traynham.

On December 9, 2009, Plaintiff filed a motion to compel responses to his second sets of interrogatories, requests for admission, and request for the production of documents; to compel a response to document production request three from his first request for the production of documents, and for reasonable expenses incurred in making the motion to compel. Fed. R. Civ. P.

///

37. Defendants filed an opposition to the motion on December 21, 2009, and Plaintiff filed a reply on January 4, 2010.

## I. Second Sets of Interrogatories, Requests for Admission, and Document Requests

Defendants argue that Plaintiff's motion was prematurely filed and that they timely served Plaintiff with their responses to his second set of interrogatories, requests for admission, and request for the production of documents on December 7, 2009.

Plaintiff served the discovery requests at issue on October 20, 2009. Pursuant to the Court's scheduling order and Federal Rule of Civil Procedure 6(d), Defendants were required to serve their responses on or before December 7, 2009. Plaintiff prepared and mailed his motion to compel responses on December 3, 2009.

Defendants are correct that Plaintiff's motion was prematurely filed. Plaintiff was timely served with responses to his discovery requests on December 7, 2009.

To the extent that Defendants' answers were deficient, Plaintiff must file a motion to compel on those grounds. He may not rest upon his prematurely filed motion to compel, and may not seek to cure the deficiencies in his prematurely filed motion via his reply. Defendants are entitled to notice and an opportunity to be heard, a requirement not satisfied when the moving papers are deficient and the moving party attempts to cure the deficiencies in the reply.

Because the discovery deadline was December 8, 2009, the Court will grant Plaintiff a thirty-day extension of time within which to file a renewed motion to compel. To allow for the completion of all discovery, the pretrial dispositive motion deadline is extended from March 8, 2010, to June 8, 2010.[1]

## II. Administrative Segregation and Contraband Records

Plaintiff also seeks to compel a response to his request for his administrative segregation and contraband records from December 11, 2002, until Plaintiff's release from administrative segregation. (Doc. 105, Motion, court record pp. 6:25-7:5; Ex. B, POD 3.) Defendants responded

---

[1] If Plaintiff renews his motion to compel and it is granted in whole or in part, the motion deadline may need to extended beyond June 8, 2010. The Court will extend the deadline if necessary, dependent upon whether Plaintiff files a motion to compel and if so, whether the motion to compel is granted in whole or in part.

2

that after conducting a search, they located no documents responsive to this request. (Doc. 105, Ex. B, POD 3.) Plaintiff has made no showing that Defendants' response is incorrect or untrue, and as a result, his motion a further to compel is denied.[2]

## III. Order

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel and for reasonable expenses, filed December 7, 2009, is DENIED;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff may renew his motion to compel, to the extent necessary in light of the responses served by Defendants on December 7, 2009; and

3. The pretrial dispostive motion deadline is extended from March 8, 2010, to June 8, 2010.

IT IS SO ORDERED.

Dated:  **January 25, 2010**         **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified.