# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO C. BUCKLEY,<br><br>   Plaintiff,<br><br> v.<br><br>ALAMEIDA, et al.,<br><br>   Defendants. | CASE NO. 1:04-cv-05688-OWW-GBC PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING REQUEST FOR INJUNCTIVE RELIEF<br><br>(Doc. 124)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

  Plaintiff Antonio Cortez Buckley ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")). Plaintiff is currently housed at Salinas Valley State Prison in Soledad. On August 26, 2010, Plaintiff filed a motion for injunctive relief to recover legal papers that were confiscated during an administrative segregation. Plaintiff alleged that a file was not returned which contained: 1) legal research and notes; 2) documentary evidence; 3) pretrial statement; and 4) the scheduling order in this case. Plaintiff alleged that after two months of the administrative appeals process, the administration at Salinas Valley State Prison has refused to return the file.

  On October 25, 2010, the Court granted Plaintiff's request for a sixty day extension of time in order to respond to Defendants' motion for summary judgment. On November 10, 2010, the Court ordered Plaintiff to file additional documentation to support a compelling need for specific documents. In the November 10, 2010 order, the Court also requested defense counsel to make an inquiry to the officials at Salinas Valley State Prison and to provide a status report to the Court. To

this date, Plaintiff has failed to submit any documents pursuant to the Court's order made on November 10, 2010.  On November 30, 2010, counsel for the defense submitted a status report regarding Plaintiff's allegations of being denied access to necessary legal material.

'A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.' Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004) (quoting Zepeda v. U.S. INS, 753 F.2d 719, 727 (9th Cir. 1985).  As stated in the court's February 20, 2009 order, the claims in this action arise from Plaintiff's past conditions of confinement at the California Correctional Institution in Tehachapi and the court does not have jurisdiction in this action over prison officials at Salinas Valley State Prison.  Thus, the court cannot issue an order remedying Plaintiff's current conditions of confinement there.  Price v. City of Stockton, 390 F.3d 1105, 1117 (9th Cir. 2004).  Additionally, Plaintiff has failed to demonstrate circumstances that would warrant the Court to intervene via request on his behalf.

Therefore, the court HEREBY RECOMMENDS that Plaintiff's motions for injunctive relief, filed August 26, 2010, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:    December 2, 2010

UNITED STATES MAGISTRATE JUDGE