# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO C. BUCKLEY,<br><br>         Plaintiff,<br><br>   v.<br><br>ALAMEIDA, et al.,<br><br>         Defendants.<br>_____ / | CASE NO. 1:04-cv-05688-OWW-GBC PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br>(Doc. 151)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ORDERING DEFENDANTS TO RE-BRIEF ONE ISSUE<br><br>SIXTY DAY DEADLINE |

**I.     Factual and Procedural Background**

Plaintiff Antonio Cortez Buckley ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act ("RLUIPA")).  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  On September 13, 2010, Defendants filed a motion for summary judgment.  Doc. 126.

On December 20, 2011, the Magistrate Judge filed a Findings and Recommendations herein which recommended granting in part Defendants' motion for summary judgment and recommended re-briefing on an additional issue.  Doc. 151.  The Magistrate Judge gave the parties thirty days to file objections.  Doc. 151.  The thirty-day period has expired, and neither party has not filed any objections.

///

1  **II.    Conclusion and Order**

2      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
3  de novo review of this case.  The Court concludes that the Findings and Recommendations are
4  supported by the record and by proper analysis.  Accordingly, the Court HEREBY ORDERS:

5      1.    The Findings and Recommendations filed on December 20, 2011, is adopted in full
6          (Doc. 151);

7      2.    Defendants' motion for summary judgment filed on September 13, 2010, is
8          GRANTED IN PART and DENIED IN PART (Doc. 126) as follows:

9          a.    granted as to Plaintiff's retaliation claim against Defendants Howard,
10             Johnson, Barker, Chappel, Papac, Meadors, and Winett based on a theory of
11             retaliatory repeated routine pat-down searches;

12         b.    granted as to Plaintiff's RLUIPA and Free Exercise claims against
13             Defendants Winett, Meadors, Barker, and Woodley regarding the
14             confiscation of Plaintiff's kosher food Package;

15         c.    granted as to Plaintiff's retaliation claim against Defendants Calderon,
16             Winett, Meadors, Papac, Howard, Johnson, Vo, and Kordan regarding the x-
17             ray and contraband watch;

18         d.    granted as to Plaintiff's Eighth Amendment claim against Defendants Reed,
19             Mack, and Traynham for implementing the contraband watch procedure;

20         e.    denied as to Plaintiff's Eighth Amendment claim against Defendants Reed,
21             Mack, and Traynham for placing Plaintiff in a cell that was covered in feces;

22         f.    denied as to Plaintiff's Equal Protection claim against Defendants Chappel
23             and Barker for the confiscated menorah and candles;

24 ///
25 ///
26 ///
27 ///
28 ///

3. Within sixty days (60) of service of this order, Defendants shall submit a supplemental motion for summary judgment on the issue of whether Defendants Howard, Winnett, Papac, Calderon and Kordan violated the Eighth amendment by maliciously implementing a contraband search without a valid penological interest or file notice of their desire to go to trial on the issue.

IT IS SO ORDERED.

Dated:    **January 25, 2012**                     /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE