# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO C. BUCKLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAMEIDA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:04-cv-05688-LJO-GBC PC<br><br>ORDER AMENDED ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 153) |

## I. Procedural History

Plaintiff Antonio Cortez Buckley ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act ("RLUIPA")).  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On September 13, 2010, Defendants filed a motion for summary judgment. Doc. 126. On December 20, 2011, the Magistrate Judge filed a Findings and Recommendations which recommended granting in part Defendants' motion for summary judgment and recommended re-briefing on an additional issue. Doc. 151. The Magistrate Judge gave the parties thirty days to file objections. Doc. 151.

On January 25, 2012, the Court reviewed the record and filed an order adopting the findings and recommendations. Doc. 153. On January 31, 2012, Plaintiff filed objections to the findings and recommendations and included a signed proof of service demonstrating that Plaintiff mailed the objection on January 23, 2012.  Doc. 154.

The Court hereby orders that the order filed on January 25, 2012, is amended to reflect Plaintiff's objections and the Court's following analysis of Plaintiff's objections.  Plaintiff objects to the Court's granting of summary judgement in favor of Defendant Vo and order finding a new Eighth Amendment claim which did not include a claim against Defendant Vo.  Doc. 154.  In his

1

objections, Plaintiff reasserts that Defendant Vo falsified records. Doc. 154. Plaintiff states that "[Defendant] Vo acted in bad faith and maliciously Defendant Vo['s] declaration fails to state the name of the staff who submitted a request for the x-ray of Plaintiff for suspicion of contraband. Therefore, no legitimate penological reason to order the x-ray." Doc. 154. Plaintiff argues that there still remains a disputed issue of material fact because Defendant Vo permitted an unnecessary x-ray. Doc. 154.

Although Plaintiff repeatedly alleges that Defendant Vo falsified records, Plaintiff failed to meet his burden to demonstrate that Defendant Vo did more than simply order the x-ray based on information given to him. Plaintiff's allegations that Defendant Vo knew of Plaintiff's grievances, knew of Plaintiff's argument with Defendant Calderon and that Defendant Vo maliciously ordered and misinterpreted the x-ray are conclusory. Plaintiff failed to provide evidentiary support for such conclusory allegations and thus Plaintiff failed to demonstrate a disputed issue of material fact regarding Defendant's Vo's knowledge of the alleged argument with Defendant Calderon and whether Defendant Vo had any role in the interpretation of the x-ray. Since Plaintiff cannot demonstrate a sufficient link between Defendant Vo and the alleged constitutional allegations, the court did not err in failing to add Defendant Vo to the new Eighth Amendment claim stemming from the contraband watch.

Based on the foregoing, the substance of the Court's order filed on January 25, 2012, still stands with respect to adopting the findings and recommendations in full. Doc. 153. However, the Court's order filed on January 25, 2012, is amended to reflect the above review and consideration of Plaintiff's objections filed on January 31, 2012. Doc. 153; Doc. 154.

IT IS SO ORDERED.

**Dated:   February 1, 2012**              /s/ Lawrence J. O'Neill
                                                         UNITED STATES DISTRICT JUDGE