# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO C. BUCKLEY, | CASE NO. 1:04-cv-05688-OWW-GBC PC |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUBSTITUTION OF DEFENDANT KORDAN |
| v. | |
| ALAMEIDA, et al., | (Doc. 160) |
| Defendants. | ORDER DIRECTING ATTORNEY FOR DEFENDANT KORDAN TO FORMALLY SUGGEST THE DEATH OF DEFENDANT KORDAN PURSUANT TO RULE 25 |

## I. Procedural History

Plaintiff Antonio Cortez Buckley ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000cc-1 (the Religious Land Use and Institutionalized Persons Act ("RLUIPA")). On September 29, 2003, Plaintiff filed the original complaint. Doc. 1. On March 23, 2007, Plaintiff filed the third amended complaint which the Court found to have stated cognizable claims against the following defendants: Calderon; Vo; Meadors; Reed; Kordan; Traynham; Papac; Winett; Woodley; Barker; Howard; Johnson; Mack; and Chappel ("Defendants"). Doc. 42; Doc. 44. On January 25, 2012, Defendants' motion for summary judgement was granted as to all claims against Defendants Vo; Meadors; Woodley; and Johnson. Doc. 125; Doc. 153; Doc. 155. Additionally summary judgement was denied as to Plaintiff's Eighth Amendment claim against Defendants Reed, Mack, and Traynham for placing Plaintiff in a cell that was covered in feces and denied as to Plaintiff's Equal Protection claim against Defendants Chappel

and Barker for the confiscated menorah and candles. Doc. 125; Doc. 153; Doc. 155. The Court also ordered parties to address whether Defendants Howard, Winnett, Papac, Calderon and Kordan violated the Eighth amendment by maliciously implementing a contraband search without a valid penological interest. Doc. 125; Doc. 153; Doc. 155. On March 28, 2012, in a motion for extension of time, Defendants stated that Defendant Kordan has died. Doc. 156. On April 20, 2012, Plaintiff motioned to substitute Defendant Kordan with Defendant Vo pursuant to Rule 25 of the Federal Rules of Civil Procedure. Doc. 160.

## II.     Rule 25 Statement of Death

Rule 25(a)(1) provides for the dismissal of this action if a motion for substitution is not made within ninety days after service of a statement noting Plaintiff's death. Fed. R. Civ. P. 25(a)(1). Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the suggestion of death on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute, Fed. R. Civ. P. 25(a)(3). Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow v. Ground*, 39 F.3d at 232-234. Rule 25 requires dismissal absent a motion for substitution within the ninety-day period only if the statement of death was properly served. *Unicorn Tales, Inc., v. Bannerjee*, 138 F.3d 467, 469-471 (2d Cir. 1998).

The ninety-day period has not been triggered by the notice because there is no declaration of service or other proof reflecting that there was proper service of the notice on Plaintiff's successor or representative as provided by Rule 4.

**III.     Plaintiff's Request to Substitute Dr. Vo for Defendant Kordan**

Under section 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Each defendant is only liable for his or her own misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235. In this case, the Court has found granted summary judgement in favor of Dr. Vo and Dr. Vo cannot serve as a substitute for the now deceased Defendant Kordan, because Dr. Vo's actions and involvement are not the same as Defendant Kordan's actions in the violation of Plaintiff's constitutional rights.

However, Plaintiff's claims are not abated upon the death of a defendant. *See Carlson v. Green*, 446 U.S. 14, 24, 100 S.Ct. 1468, 1474–75, 64 L.Ed.2d 15 (1980) (a cause of action for an Eighth Amendment violation survives the death of a party); *In re Estate of Ferdinand Marcos, Human Rights Litigation*, 25 F.3d 1467, 1476 (9th Cir. 1994). In other words, Plaintiff's claims survive the death of Defendant Kordan and Defendant Kordan's nonparty successors or representatives could be given notice and be substituted as a party in this section 1983 claim. *See Carlson v. Green*, 446 U.S. 14, 24, 100 S.Ct. 1468, 1474–75, 64 L.Ed.2d 15 (1980) (a cause of action for an Eighth Amendment violation survives the death of a party); *In re Estate of Ferdinand Marcos, Human Rights Litigation*, 25 F.3d 1467, 1476 (9th Cir. 1994).

*///*

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Attorney for Defendant Kordan must formally suggest the death of Defendant Kordan pursuant to Fed. R. Civ. P. 25(a)(1), and must serve other parties and nonparty successors or representatives of Defendant Kordan with a suggestion of death in accordance with Fed. R. Civ. P. 25(a)(3), Fed. R. Civ. P. 5(b), Fed. R. Civ. P. 4;

2. Plaintiff's motion for substitution of Defendant Kordan is DENIED WITHOUT PREJUDICE to Plaintiff seeking to substitute Defendant Kordan with his nonparty successors or representatives.

IT IS SO ORDERED.

Dated:   August 24, 2012                                    _____
                                                            UNITED STATES MAGISTRATE JUDGE