# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO C. BUCKLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEIDA, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:04-cv-05688-LJO-GBC PC<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SUBSTITUTION OF DEFENDANT KORDAN<br><br>(Doc. 181)<br><br>SECOND ORDER DIRECTING ATTORNEY FOR DEFENDANT KORDAN TO FORMALLY SUGGEST THE DEATH OF DEFENDANT KORDAN PURSUANT TO RULE 25<br><br>DEFENDANTS' DEADLINE FOURTEEN DAYS |

## I. Procedural History

Plaintiff Antonio Cortez Buckley ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On September 29, 2003, Plaintiff filed the original complaint. Doc. 1. On March 23, 2007, Plaintiff filed the third amended complaint which the Court found to have stated cognizable claims against the following defendants: Calderon; Vo; Meadors; Reed; Kordan; Traynham; Papac; Winett; Woodley; Barker; Howard; Johnson; Mack; and Chappel ("Defendants"). Doc. 42; Doc. 44. On January 25, 2012, Defendants' motion for summary judgement was granted as to all claims against Defendants Vo; Meadors; Woodley; and Johnson. Doc. 125; Doc. 153; Doc. 155. Additionally summary judgement was denied as to Plaintiff's Eighth Amendment claim against Defendants Reed, Mack, and Traynham for placing Plaintiff in a cell that

was covered in feces and denied as to Plaintiff's Equal Protection claim against Defendants Chappel and Barker for the confiscated menorah and candles.  Doc. 125; Doc. 153; Doc. 155.  The Court also ordered parties to address whether Defendants Howard, Winnett, Papac, Calderon and Kordan violated the Eighth amendment by maliciously implementing a contraband search without a valid penological interest.  Doc. 125; Doc. 153; Doc. 155.

On March 28, 2012, in a motion for extension of time, Defendants stated that Defendant Kordan had died.  Doc. 156.  On April 20, 2012, Plaintiff motioned to substitute Defendant Kordan with Defendant Vo pursuant to Rule 25 of the Federal Rules of Civil Procedure.  Doc. 160.  On August 24 2012, the Court denied Plaintiff's motion without prejudice to refiling and ordered Defendants to submit a formal suggestion of the death of Defendant Kordan pursuant to Fed. R. Civ. P. 25(a)(1), and serve other parties and nonparty successors or representatives of Defendant Kordan with a suggestion of death in accordance with Fed. R. Civ. P. 25(a)(3), Fed. R. Civ. P. 5(b), Fed. R. Civ. P. 4.  Doc. 178.  On October 5, 2012, Plaintiff filed a motion to compel Defendants to file a notice of the death of Defendant Kordan.  Doc. 179.  On October 11, 2012, Defendants filed a document entitled "notice of the death," however, Defendants failed to follow the directions from the Court order filed on August 24, 2012.  Doc. 180.  On October 22, 2012, Plaintiff filed a motion to substitute Defendant Kordan with his estate.  Doc. 181.  Defendants did not file an opposition.

**II.**     **Rule 25 Motion to Substitute Defendant Kordan's Estate for Defendant Kordan**

Rule 25(a)(1) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.

Fed. R. Civ. P. 25(a)(1).  Two things are required of a party for the running of the ninety-day period to commence: a party must 1) formally suggest the death of the party on the record, and 2) serve the

2

...

suggestion of death on the other parties and nonparty successors or representatives. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). In order for the ninety-day period for substitution to be triggered, a party must formally suggest the death of the party upon the record, Fed. R. Civ. P. 25(a)(1), and must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute, Fed. R. Civ. P. 25(a)(3). Thus, a party may be served the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow v. Ground*, 39 F.3d at 232-234.

Plaintiff's claims are not abated upon the death of a defendant. *See Carlson v. Green*, 446 U.S. 14, 24, 100 S.Ct. 1468, 1474–75, 64 L.Ed.2d 15 (1980) (a cause of action for an Eighth Amendment violation survives the death of a party); *In re Estate of Ferdinand Marcos, Human Rights Litigation*, 25 F.3d 1467, 1476 (9th Cir. 1994). In other words, Plaintiff's claims survive the death of Defendant Kordan and Defendant Kordan's nonparty successors or representatives could be given notice and be substituted as a party in this section 1983 claim. *See Carlson v. Green*, 446 U.S. 14, 24, 100 S.Ct. 1468, 1474–75, 64 L.Ed.2d 15 (1980) (a cause of action for an Eighth Amendment violation survives the death of a party); *In re Estate of Ferdinand Marcos, Human Rights Litigation*, 25 F.3d 1467, 1476 (9th Cir. 1994).

Plaintiff cannot motion for substitution for Defendant Kordan without Defendants following the correct procedure to serve Defendant Kordan's nonparty successors or representatives.

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Plaintiff's motion for substitution of Defendant Kordan is DENIED WITHOUT PREJUDICE to Plaintiff seeking to substitute Defendant Kordan with his nonparty successors or representatives (Doc. 181); and

2. Within fourteen days from the date of service of this order, the attorney for Defendant Kordan must serve other parties and nonparty successors or representatives of Defendant Kordan with a suggestion of death in accordance with Fed. R. Civ. P. 25(a)(3), Fed. R. Civ. P. 5(b), Fed. R. Civ. P. 4.

IT IS SO ORDERED.

Dated: December 10, 2012

UNITED STATES MAGISTRATE JUDGE