1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9 ANTONIO CORTEZ BUCKLEY, | CASE NO. 1:04-cv-05688-LJO-SAB (PC) |
| 10                   Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF |
| 11    v. | INCARCERATED WITNESSES |
| 12 EDWARD S. ALAMEIDA, et al., | (ECF No. 196) |
| 13                   Defendants. | |

14

15 _____/

16 **1.    Motion for Incarcerated Witness Chapman**

17        Plaintiff Antonio Cortez Buckley ("Plaintiff"), a state prisoner proceeding pro se and in

18 forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 29, 2003.

19 This matter is set for a telephonic pretrial hearing on April 18, 2013 and a jury trial on May 21, 2013.

20 On February 11, 2013, Plaintiff filed a motion seeking the attendance of incarcerated witness,

21 Charles James Chatman.  (ECF No. 196.)  Defendants filed an opposition on February 25, 2013.

22 (ECF No. 198.)

23        In determining whether to grant Plaintiff's motion for the attendance of his proposed

24 witnesses, factors to be taken into consideration include (1) whether the inmate's presence will

25 substantially further the resolution of the case, (2) the security risks presented by the inmate's

26 presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until

27 the inmate is released without prejudice to the cause asserted.  Wiggins v. Cnty. of Alameda, 717

28 F.2d 466, 468 n.1 (9th Cir. 1983).

Plaintiff's motion seeks the attendance of incarcerated witness, Charles James Chatman, and submits a declaration signed by Plaintiff detailing witness Chapman's knowledge of the case. Plaintiff's declaration claims that witness Chatman will testify that 1) Plaintiff had several conversations with him in December of 2002 and January of 2003 concerning the "corruption of prison staff" at California Correctional Institution in Tehachapi; 2) witness Chatman had problems with Defendant Barker concerning confiscation of his own property; and 3) Defendant Chappel called him a "nigger." Defendants object on the grounds that 1) Chatman has no personal knowledge, and therefore no relevant testimony to offer; and 2) Plaintiff wants Chatman to testify as to Defendant Barker's bad character in violation of Rules 404(a)(1) and 404(b) of the Federal Rules of Evidence.

Plaintiff claims proceeding to trial are that Defendants Reed, Mack, and Traynham placed Plaintiff in a cell that was covered in feces in violation of the Eighth Amendment and that Defendants Chappel and Barker confiscated Plaintiff's menorah and candles in violation of the First Amendment. Based on Plaintiff's declaration, proposed witness Chapman does not appear to have any personal knowledge regarding Plaintiff's claims. Witness Chapman's presence will not substantially further the resolution of the case, but rather is offered for purposes of bad character evidence in violation of Rules 404(a) and 404(b) of the Federal Rules of Evidence. Thus, Plaintiff's motion for incarcerated witness Chapman is denied.[1]

**2.    Plaintiff's Remaining Witnesses Named in Pretrial Statement**

Plaintiff's pretrial statement lists thirteen incarcerated witnesses in addition to witness Charles James Chapman.[2] However, Plaintiff did not file motions for the attendance of these incarcerated witnesses pursuant to the Court's Second Scheduling Order issued on December 11, 2012. (ECF No. 184.) The Court order required that "[m]otions for the attendance of incarcerated

---

[1] The Court has no information before it concerning the security risks or the inmate's release date, if any. Therefore, those factors were not considered. Wiggins, 717 F.2d at 468 n.1.

[2] Chester Newton #K-52570, Timothy Wilkins #T-35723, Quincy Adams #K-81865, Derrick Carson #E-41186, Carl Flenoy #K-89443, Alton Allen #K-88578, Joseph Burkley #T-31694, George Fitzgerald #P-92740, Todd Wheaton #D-61508, Jimmy Stevens # B-60582, Kenneth Green #E-00453, Sherman Stringer #J-76819, and Erick Yourell # J-11600.

1  witnesses, if any, must be filed on or before February 11, 2013." Second Informational Order; ECF

2  No. 184 at 3 (emphasis omitted).  Plaintiff filed only one motion for the attendance of incarcerated

3  witness Charles James Chatman.

4          To the extent that the Court construes Plaintiff's pretrial statement as a motion for these

5  incarcerated witnesses, the motion would be denied for the same reasons as stated above.  Based on

6  Plaintiff's assertions in his pretrial statement, these witnesses do not have any personal knowledge

7  of the incidents related to Plaintiff's claims.  Plaintiff alleges that these thirteen witnesses will all

8  testify that Defendant Barker referred to African American prisoners as 'niggers." Pl's Pretrial

9  Statement; ECF No. 197 at 5-8.  Accordingly, the Court will not bring these incarcerated witnesses

10  to trial based on the untimeliness of Plaintiffs motions as well as the fact that these witnesses have

11  no personal knowledge of the claims at issue.

12          Accordingly, it is hereby ORDERED that:

13      1.      Plaintiff's motion for incarcerated witness Charles James Chapman is DENIED.

14      2.      Plaintiff's request to bring incarcerated witnesses listed in his pretrial statement is

15              DENIED.

16

17  IT IS SO ORDERED.

18  **Dated:   April 12, 2013            /s/  Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28